AO93 Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| In the Matter of the Search of<br>A gold Apple iPhone, a blue Apple iPhone, and black<br>MacBook Pro Laptop found inside of 2017 Jeep Wrangler<br>bearing Arizona License plate XCOTIE | Case No.    21-9166 MB<br><br>~~(Filed Under Seal)~~ |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

**As further described in Attachment A.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**As set forth in Attachment B.**

**YOU ARE COMMANDED** to execute this warrant on or before ___8/9/2021___ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m. ☒ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to any United States Magistrate Judge on criminal duty in the District of Arizona.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☐ for _30_ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: ___7/26/2021 @ 2:34pm___        *EsWillett*
                                                                              *Judge's signature*

City and state: Phoenix, Arizona        Honorable Eileen S. Willett, U.S. Magistrate Judge
                                                              *Printed name and title*

## ATTACHMENT A

*Property to be searched*

The property to be searched is a blue Apple iPhone, a gold Apple iPhone, and black MacBook Pro laptop computer as pictured below, serial number (not displayed), (hereafter the "SUBJECT DEVICES"). The SUBJECT DEVICES are currently in the custody of U.S. Homeland Security Investigations located at 4041 N. Central Avenue, Suite 1650, Phoenix, Arizona.

This warrant authorizes the forensic examination of the SUBJECT DEVICES for the purpose of identifying the electronically stored information described in Attachment B.



Photo 1--Blue Apple iPhone inside a tan case pictured as located inside the 2017 Jeep Wrangler bearing Arizona license plate XCOTIE.

1



Photo 2--Gold Apple iPhone inside a designed clear case pictured as located 2017 Jeep Wrangler bearing Arizona license plate XCOTIE.



Photo 3--Black Apple MacBook Pro laptop computer pictured as located 2017 Jeep Wrangler bearing Arizona license plate XCOTIE.

## ATTACHMENT B

*Property to be seized*

1.      Any records and information found within the digital contents of the SUBJECT DEVICES, that relate to violations of 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute a Controlled Substance), 21 U.S.C. § 841 (Possession with Intent to Distribute a Controlled Substance), 21 U.S.C. § 952 (Importation of a Controlled Substance) and 21 U.S.C. § 963 (Conspiracy to Import a Controlled Substance), including:

   a.  all information related to the sale, purchase, receipt, shipping, importation, transportation, transfer, possession, or use of drugs;

   b.  all information related to buyers or sources of drugs (including names, addresses, telephone numbers, locations, or any other identifying information);

   c.  all bank records, checks, credit card bills, account information, or other financial records;

   d.  all information regarding the receipt, transfer, possession, transportation, or use of drug proceeds;

   e.  any information recording schedule or travel;

   f.  evidence indicating the SUBJECT DEVICES user's state of mind as it relates to the crime under investigation;

   g.  evidence of the attachment to the SUBJECT DEVICES of another storage device or similar container for electronic evidence;

   h.  Any and all micro SD, memory cards or hard drives attached to or inside the SUBJECT DEVICES to be searched which are used as extended memory storage devices;

i. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the SUBJECT DEVICES;

j. evidence of the times the SUBJECT DEVICES were used;

k. passwords, encryption keys, and other access devices that may be necessary to access the SUBJECT DEVICES;

l. documentation and manuals that may be necessary to access the SUBJECT DEVICES or to conduct a forensic examination of the SUBJECT DEVICES;

m. records of or information about Internet Protocol addresses used by the SUBJECT DEVICES;

n. records of or information about the SUBJECT DEVICES' Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

o. contextual information necessary to understand the above evidence.

2. Any records and information found within the digital contents of the SUBJECT DEVICES showing who used or owned the device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" includes records of telephone calls; names; telephone numbers, usernames, or other identifiers saved in address books, contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications;

2

reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the SUBJECT DEVICES.



AO 106 Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

|  |  |
|---|---|
| In the Matter of the Search of<br>A gold Apple iPhone, a blue Apple iPhone, and black<br>MacBook Pro Laptop found inside of 2017 Jeep Wrangler<br>bearing Arizona License plate XCOTIE | Case No.   21-9166 MB |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

**As further described in Attachment A**

located in the District of Arizona, there is now concealed:

**As set forth in Attachment B.**

The basis for the search under Fed. R. Crim. P. 41(c) is:

☒ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code/Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Conspiracy to Possess with Intent to Distribute a Controlled Substance |
| 21 U.S.C. § 841 | Possession with Intent to Distribute a Controlled Substance |
| 21 U.S.C. § 952 | Importation of a Controlled Substance |
| 21 U.S.C. § 963 | Conspiracy to Import a Controlled Substance |

The application is based on these facts:

**See attached Affidavit of Special Agent Rochelle Brown**

☒ Continued on the attached sheet.
☐ Delayed notice of _30_ days (give exact ending date if more than 30 days: _____) is requested
    under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by AUSA Lisa Jennis

ROCHELLE R BRO Digitally signed by ROCHELLE R BRO
Date: 2021.07.26 13:15:39 -07'00'
*Applicant's Signature*

Rochelle Brown, HSI Special Agent
*Printed name and title*

Sworn to me telephonically.

Date: 7/26/2021 @ 2:34pm

*Judge's signature*

City and state: Phoenix, Arizona

Honorable Eileen S. Willett, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

*Property to be searched*

The property to be searched is a blue Apple iPhone, a gold Apple iPhone, and black MacBook Pro laptop computer as pictured below, serial number (not displayed), (hereafter the "SUBJECT DEVICES"). The SUBJECT DEVICES are currently in the custody of U.S. Homeland Security Investigations located at 4041 N. Central Avenue, Suite 1650, Phoenix, Arizona.

This warrant authorizes the forensic examination of the SUBJECT DEVICES for the purpose of identifying the electronically stored information described in Attachment B.



Photo 1--Blue Apple iPhone inside a tan case pictured as located inside the 2017 Jeep Wrangler bearing Arizona license plate XCOTIE.

1



Photo 2--Gold Apple iPhone inside a designed clear case pictured as located 2017 Jeep Wrangler bearing Arizona license plate XCOTIE.



Photo 3--Black Apple MacBook Pro laptop computer pictured as located 2017 Jeep Wrangler bearing Arizona license plate XCOTIE.

## ATTACHMENT B

*Property to be seized*

1.      Any records and information found within the digital contents of the SUBJECT DEVICES, that relate to violations of 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute a Controlled Substance), 21 U.S.C. § 841 (Possession with Intent to Distribute a Controlled Substance), 21 U.S.C. § 952 (Importation of a Controlled Substance) and 21 U.S.C. § 963 (Conspiracy to Import a Controlled Substance), including:

    a. all information related to the sale, purchase, receipt, shipping, importation, transportation, transfer, possession, or use of drugs;

    b. all information related to buyers or sources of drugs (including names, addresses, telephone numbers, locations, or any other identifying information);

    c. all bank records, checks, credit card bills, account information, or other financial records;

    d. all information regarding the receipt, transfer, possession, transportation, or use of drug proceeds;

    e. any information recording schedule or travel;

    f. evidence indicating the SUBJECT DEVICES user's state of mind as it relates to the crime under investigation;

    g. evidence of the attachment to the SUBJECT DEVICES of another storage device or similar container for electronic evidence;

    h. Any and all micro SD, memory cards or hard drives attached to or inside the SUBJECT DEVICES to be searched which are used as extended memory storage devices;

i.   evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the SUBJECT DEVICES;

j.   evidence of the times the SUBJECT DEVICES were used;

k.   passwords, encryption keys, and other access devices that may be necessary to access the SUBJECT DEVICES;

l.   documentation and manuals that may be necessary to access the SUBJECT DEVICES or to conduct a forensic examination of the SUBJECT DEVICES;

m.   records of or information about Internet Protocol addresses used by the SUBJECT DEVICES;

n.   records of or information about the SUBJECT DEVICES' Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

o.   contextual information necessary to understand the above evidence.

2.   Any records and information found within the digital contents of the SUBJECT DEVICES showing who used or owned the device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" includes records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books, contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications;

2

reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the SUBJECT DEVICES.

3

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Rochelle Brown, Special Agent of the Department of Homeland Security, Homeland Security Investigations, Phoenix, Arizona, being duly sworn, hereby depose and state:

### I.   INTRODUCTION AND AGENT BACKGROUND

1.   Your Affiant makes this Affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to examine two cellular telephones and a laptop computer possessed by Scott Forrest Holdorf (hereinafter the "SUBJECT DEVICES") and further described in Attachment A and in order to extract the electronically stored information set forth in Attachment B, which represent evidence and/or instrumentalities of the criminal violations further described below.

2.   Your Affiant is a Special Agent with U.S. Department of Homeland Security, Homeland Security Investigations (HSI), and has been since October 2016. I am currently assigned to the HSI Border Enforcement Security Task Force, in the Office of the Special Agent in Charge (SAC) in Phoenix, Arizona.   I have completed both the Criminal Investigator Training Program and Special Agent Basic Training Program at the Federal Law Enforcement Training Center (FLETC). I was previously employed by the United States Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO) as a Deportation Officer and for approximately one year and prior to that as a United States Border Patrol agent, for approximately six years.

3.   As a Special Agent, I am responsible for conducting criminal investigations regarding violations of immigration and customs laws committed against the United States including narcotics smuggling.  As a Special Agent, I have functioned as a surveillance agent, observing and recording the movement of people involved in narcotics smuggling, interviewed witnesses and sources of information (SOI) related to human and narcotics smuggling, as well as the distribution of monies and assets derived from the illegal activities (laundering of monetary instruments), executed search and seizure warrants for

1

human and narcotics smuggling investigations, and served as a case agent, directing and supervising investigations involving narcotic smuggling and laundering on monetary instruments. Based on training and experience, I am familiar with methods used for narcotics smuggling and a variety of means to affect the commission of such crimes.

4.      The statements contained in this Affidavit are based on in part on information provided to your Affiant by other law enforcement officers, either directly or indirectly through their reports or affidavits; surveillance conducted by law enforcement officers; information provided by sources of information; information learned through seizures of contraband; as well as information provided by undercover agents. Your Affiant also relies on my own experience, training, and background in evaluating this information.

5.      Because this Affidavit is being submitted for the limited purpose of establishing probable cause for the requested warrant, your Affiant has not set forth all of the relevant facts known to law enforcement officers.

II.     **BASIS FOR PROBABLE CAUSE**

6.      On June 17, 2021, SCOTT FORREST HOLDORF was encountered at the Lukeville Port of Entry (POE) by United States Customs and Border Protection (CBP) officers while driving a purple and blue 2017 Jeep Wrangler.  HOLDORF sought admission from the Republic of Mexico into the United States.  At primary vehicle inspection, HOLDORF gave a negative oral declaration as to possessing narcotics, firearms, ammunition, or currency in excess of $10,000 USD.  He also said that he only had his personal belongings in the vehicle. He was the only individual in the Jeep which was registered to him.

7.      HOLDORF was referred to secondary inspection where CBP officers observed two large fire extinguishers mounted in the cargo area of his Jeep. CBP examined the extinguishers and received a positive canine alert to the extinguishers and subsequently located blue tablets consistent with fentanyl.  A narcotics field test was conducted on the suspected fentanyl pills which yielded positive results for the properties of fentanyl.  The combined total weight of the pills found in the fire extinguishers was 18.75 kilograms. Also

2

located in his vehicle, were two cellular telephones and a laptop computer (the SUBJECT DEVICES).

8.      During a post-*Miranda* interview, HOLDORF admitted to his knowledge and involvement in this offense.  He further stated that he was instructed by others to contact a person in Mexico once he arrived near Gila Bend, Arizona.  At that time, that person(s) would provide a screen shot via cellular phone of a name and telephone number of a person to meet and to whom he would deliver the narcotics in the Phoenix area.  He then contacted that person to make the arrangements.

9.      HOLDORF further stated that he had successfully made 68 trips prior to his encounter on June 17, 2021.  He also stated that he was supposed to be paid approximately $20,000 USD for transporting the narcotics for this trip.  HOLDORF stated that his laptop computer (one of the subject devices) contained documents relating to the trips he made transporting the narcotics.

10.     The SUBJECT DEVICES are currently in the lawful possession of Homeland Security Investigations (HSI).  HOLDORF gave written consent to seize and search the two cellular telephone devices which are currently secured in the custody of HSI. He was not asked to give consent for the laptop computer.  Therefore, while HSI might already have all necessary authority to examine the cellular telephones, I seek this additional warrant out of an abundance of caution to be certain that an examination of the device will comply with the Fourth Amendment and other applicable laws.

11.     The SUBJECT DEVICES are currently in storage at 4041 N. Central Avenue, Suite 1650, Phoenix, Arizona.  In my training and experience, I know that the SUBJECT DEVICES have been stored in a manner in which the contents are, to the extent material to this investigation, in substantially the same state as they were when the SUBJECT DEVICES first came into the possession of HSI.

/ / /

/ / /

/ / /

### III.   ITEMS TO BE SEIZED

12.   Based upon the facts contained in this Affidavit, your Affiant submits there is probable cause to believe that the items listed in Attachment B will be found in the contents of the SUBJECT DEVICES.

13.   Based on my training, education, and experience, and discussions with other trained law enforcement personnel, along with information provided by sources of information and confidential sources, your Affiant knows that drug traffickers commonly use cellular telephones and other electronic devices to communicate with other drug traffickers and customers about drug-related activities through the use of telephone calls, text messages, email, chat rooms, social media, and other internet- and application-based communication forums. Moreover, drug traffickers commonly use other capabilities of cellular telephones and other electronic devices (i.e. computers) to further their drug trafficking and money laundering activities. Therefore, evidence related to drug trafficking activity and money laundering activity is likely to be found on the SUBJECT DEVICES.

14.   In addition to items which may constitute evidence and/or instrumentalities of the crimes set forth in this Affidavit, your Affiant also requests permission to seize any articles tending to establish the identity of persons who have dominion and control over the SUBJECT DEVICES.

### IV.   DIGITAL EVIDENCE STORED WITHIN A CELLULAR TELEPHONE & LAPTOP COMPUTER

15.   As described in Attachment B, this application seeks permission to search for records and information that might be found in the contents of the SUBJECT DEVICES. Thus, the warrant applied for would authorize the copying of electronically stored information under Rule 41(e)(2)(B).

16.   *Probable cause.* Your Affiant submits that there is probable cause to believe records and information relevant to the criminal violations set forth in this Affidavit will be stored on the SUBJECT DEVICES for at least the following reasons:

17.   Your Affiant knows that when an individual uses a cellular telephone and laptop computer; the cellular telephone and laptop computer may serve both as an

instrumentality for committing the crime and also as a storage medium for evidence of the crime. The cellular telephones and laptop computer are instrumentalities of the crime because they are used as a means of committing the criminal offense. The cellular telephones and laptop computer are also likely to be a storage medium for evidence of crime. From my training and experience, your Affiant believes that a cellular telephone and laptop computer used to commit a crime of this type may contain: data that is evidence of how the cellular telephone and laptop computer was used; data that was sent or received; notes as to how the criminal conduct was achieved; records of Internet discussions about the crime; and other records that indicate the nature of the offense.

18.    Based on my knowledge, training, and experience, your Affiant knows that cellular telephones and laptop computers contain electronically stored data, including, but not limited to, records related to communications made to or from the cellular telephone and laptop computer, such as the associated telephone numbers or account identifiers, the dates and times of the communications, and the content of stored text messages, e-mails, and other communications; names and telephone numbers stored in electronic "address books;" photographs, videos, and audio files; stored dates, appointments, and other information on personal calendars; notes, documents, or text files; information that has been accessed and downloaded from the Internet; and global positioning system ("GPS") information.

19.    Based on my knowledge, training, and experience, your Affiant knows that electronic files or remnants of such files can be recovered months or even years after they have been downloaded onto a cellular telephone, deleted, or viewed via the Internet. Electronic files downloaded to a cellular telephone can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a cellular telephone and laptop computer, the data contained in the file does not actually disappear; rather, that data remains on the cellular telephone and laptop computer until it is overwritten by new data.

20.     Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the cellular telephone and laptop computer that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a cellular telephone's and laptop computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

21.     *Forensic evidence.*  As further described in Attachment B, this application seeks permission to locate not only electronic files that might serve as direct evidence of the crimes described on the warrant, but also for forensic electronic evidence that establishes how the cellular telephone and laptop computer was used, the purpose of the use, who used it, and when. There is probable cause to believe that this forensic electronic evidence will be found in the contents of the SUBJECT DEVICES because:

    a.  Data in a cellular telephone and laptop computer can provide evidence of a file that was once in the contents of the cellular telephone and laptop computer but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

    b.  As explained herein, information stored within a cellular telephone and laptop computer may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion.  In my training and experience, information stored within electronic storage medium (e.g., registry information, communications, images and movies, transactional information, records of session times and durations, internet history, and anti-virus, spyware, and malware detection programs) can indicate who has used or controlled the cellular telephone and laptop computer.   This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.  The existence or absence of anti-virus, spyware, and malware detection programs may indicate whether

6

the cellular telephone and laptop computer was remotely accessed, thus inculpating or exculpating the owner. Further, activity on a cellular telephone and laptop computer can indicate how and when the cellular telephone and laptop computer was accessed or used. For example, as described herein, cellular telephones and laptop computers can contain information that log: session times and durations, activity associated with user accounts, electronic storage media that connected with the cellular telephone, and the IP addresses through which the cellular telephone and laptop computer accessed networks and the internet. Such information allows investigators to understand the chronological context of cellular telephone and laptop computer access, use, and events relating to the crime under investigation. Additionally, some information stored within a cellular telephone and laptop computer may provide crucial evidence relating to the physical location of other evidence and the suspect. For example, images stored on a cellular telephone and laptop computer may both show a particular location and have geolocation information incorporated into its file data. Such file data typically also contains information indicating when the file or image was created. The geographic and timeline information described herein may either inculpate or exculpate the user of the cellular telephones and laptop computer. Last, information stored within a cellular telephone and laptop computer may provide relevant insight into the user's state of mind as it relates to the offense under investigation. For example, information within a computer may indicate the owner's motive and intent to commit a crime (e.g., internet searches indicating criminal planning), or consciousness of guilt (e.g., running a "wiping" program to destroy evidence on the computer or password protecting/encrypting such evidence in an effort to conceal it from law enforcement).

7

    c.  A person with appropriate familiarity with how a cellular telephone and laptop computer works can, after examining this forensic evidence in its proper context, draw conclusions about how the cellular telephone and laptop computer was used, the purpose of its use, who used it, and when.

    d.  The process of identifying the exact files, blocks, registry entries, logs, or other forms of forensic evidence on a cellular telephone and laptop computer that are necessary to draw an accurate conclusion is a dynamic process. While it is possible to specify in advance the records to be sought, cellular telephone and laptop computer evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on one cellular telephone and laptop computer is evidence may depend on other information stored on that or other storage media and the application of knowledge about how electronic storage media behave. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

    e.  Further, in finding evidence of how a cellular telephone and laptop computer was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium. For example, the presence or absence of counter-forensic programs or anti-virus programs (and associated data) may be relevant to establishing the user's intent.

22.   *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant your Affiant is applying for would permit imaging or otherwise copying the contents of the SUBJECT DEVICES, including the use of computer-assisted scans.

23.   *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not

involve the physical intrusion onto a premise.  Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

**V.   CONCLUSION**

24.   Your Affiant submits there is probable cause to believe that the items listed in Attachment B, which constitute evidence and/or instrumentalities of violations of 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute a Controlled Substance), 21 U.S.C. § 841 (Possession with Intent to Distribute a Controlled Substance), 21 U.S.C. § 952 (Importation of a Controlled Substance) and 21 U.S.C. § 963 (Conspiracy to Import a Controlled Substance) are likely to be found in the contents of the SUBJECT DEVICES further described in Attachment A.

ROCHELLE R BRO Digitally signed by ROCHELLE R BRC
Date: 2021.07.26 13:16:55 -07'00'

Rochelle Brown
Special Agent, Homeland Security Investigations

SUBSCRIBED TO ELECTRONICALLY AND TELEPHONICALLY SWORN BEFORE ME THIS __26__ DAY OF JULY, 2021.

EsWillett

HONORABLE EILEEN S. WILLETT
United States Magistrate Judge

9